IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| LOIS YATES, )<br>)<br>    **Plaintiff.** )<br>)<br>v. )<br>)<br>HAYDEL PROPERTIES, LP, )<br>d/b/a DEDEAUX ROAD )<br>SHOPPING CENTER )<br>)<br>    **Defendant.** ) | CIVIL ACTION NO:<br><br>  1:19-cv-235-HSO-JCG   |

## COMPLAINT

**I.**     **INTRODUCTION**

Plaintiff, Lois Yates, files this action, pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §12181, *et. seq.* In Count One of the Complaint, the Plaintiff seeks to enjoin the Defendant's failure to remove architectural barriers when readily achievable; Count Two of the Complaint, the Plaintiff seeks to enjoin the Defendant's failure to modify policies, practices and procedures which deny equal benefits; Count Three of the Complaint, the Plaintiff seeks to enjoin the Defendant's discrimination on the basis of disability is a denial of the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations"; and Count Four of the Complaint, the Plaintiff seeks to enjoin the Defendant for failure to design, construct and/or remediate the facility in compliance with ADA standards.

**II.**     **JURISDICTION, PARTIES, AND ARTICLE III STANDING**

**1.**     Because this is an action for declaratory and injunctive relief pursuant to Title III of the ADA 42 U.S.C. §12181, *et. seq.*, and its implementing regulations, this Court is vested with

1

original jurisdiction under 28 U.S.C. §1331 and §1343.

2.      Venue is proper in this Court, the United States District Court for the Southern District of Mississippi, pursuant to Title 28, U.S.C. §1391 and the Local Rules of the United States District Court for the Southern District of Mississippi.

3.      Plaintiff, Lois Yates, has malignancy (more commonly known as "cancer") as well as severe lung damage and chronic obstructive pulmonary disease. As a result, Ms. Yates uses mobility devices such as a walker and a wheelchair for mobility. The extent of Ms. Yates' physical disabilities limits her ability to care for herself, perform manual tasks, walk, stand, lift, bend, and work; all of which are major life activities pursuant to 42 U.S.C. § 12102 (2) (A). Ms. Yates is, accordingly, a person with a disability pursuant to the ADA, in that she has a physical impairment substantially limiting one or more major life activities. 42 U.S.C. § 12102; See also 28 C.F.R. § 36.104.

4.      Defendant, Haydel Properties, LP, d/b/a Dedeaux Road Shopping Center (hereinafter "Haydel"), is a corporation that is both registered to conduct business and is conducting business within the State of Mississippi sufficient to create both general and specific in person am jurisdiction. Upon information and belief, Haydel, "leases" commercial spaces in its property, Dedeaux Road Shopping Center (hereinafter the "Shopping Center") located at 14451 Dedeaux Road, Gulfport, MS 39503. 42 U.S.C. § 12182. The Shopping Center is a commercial property that qualifies as a place of public accommodation. Therefore, Haydel, as the owner and operator, qualifies as a covered entity under Title III pursuant to 42 U.S.C. § 12181(7). Therefore, the Shopping Center qualifies as a place of public accommodation pursuant to 42 U.S.C. § 12181(7).

    **5.**      All events giving rise to this lawsuit occurred in the Southern District of Mississippi and the Defendant is a citizen thereof.

    **6**.      Plaintiff Lois Yates resides in Biloxi, Mississippi and lives within a twenty-minute drive of the Shopping Center.  In December 2018, she went to the Shopping Center, (Metro PCS and other stores) during her visit to Gulfport.  She has definite plans to return to Gulfport and the Shopping Center, during 2019 to shop there and to verify compliance with the ADA. However, her desire to return is adversely affected by the inaccessible conditions at the Shopping Center.

    **7.**      Because of the barriers described herein the Plaintiff has been denied full and equal enjoyment of the Defendant's premises on the basis of her disabilities.

    **8.**      The Plaintiff accordingly, has Article III standing to pursue this case because (1) she is a person with a disability, pursuant to the statutory and regulatory definition; (2) the Defendant's Shopping Center is a place of public accommodation, pursuant to the statutory and regulatory definition; (3) she has suffered a concrete and particularized injury, by being denied access to the retail stores due to the absence of accessible parking and an accessible path of travel to the stores, as well as, the Defendant's denial of the use of the Shopping Center for her full and equal enjoyment as compared to individuals without disabilities; and (4) because these architectural barriers and policies continue to exist, there is a genuine threat of imminent future injury, as described herein. Although the Plaintiff has plans during 2019 to return to the Shopping Center, she is deterred from doing so by the barriers which she encountered on her last and previous visits to the Store.

## COUNT ONE – FAILURE TO REMOVE ARCHITECTURAL BARRIERS WHEN READILY ACHIEVABLE. [42 U.S.C. § 12182(b)(2)(A)(iv)]

9. The Plaintiff is informed and believes based on publicly available information that the shopping center located at 14451 Dedeaux Road, Gulfport, MS was first constructed in 2006.

10. "alterations" made to existing facilities after January 26, 1992, and all newly constructed facilities for first occupancy after January 26, 1993, were required to have been built in strict compliance with the ADA 1991 new construction Standards. 42 U.S.C. § 12183(a) and (b). 28 C.F.R. § 36.402. See 28 C.F.R. § 36.406(5)(ii) which states,

> Newly constructed or altered facilities or elements covered by §§ 36.401 or 36.402 that were constructed or altered before March 15, 2012 and that do not comply with the 1991 Standards shall, on or after March 15, 2012, be made accessible in accordance with the 2010 Standards.

**Architectural Barriers**

11. When the Plaintiff visited the facility in early December 2018, she experienced the following barriers to access as a person with a disability:

   A. Based on the total number of parking spaces, the Defendant has failed to provide the required number of accessible parking spaces, including the number of required van-accessible parking spaces;

   B. The Defendant has failed to provide at least one "van" accessible parking space measuring 132 inches wide with a 60-inch-wide adjacent access aisle, or alternatively measuring 96 inches wide with a 96-inch-wide adjacent access aisle;

   C. The Defendant has failed to provide required signage designating accessible parking, including the required height and placement of accessible signage;

   D. The Defendant has failed to provide any required accessible routes from the parking areas to the entrance;

  E. The Defendant has failed to provide any curb ramps or curb cuts from the parking areas to the store entrances as required to provide an accessible path of travel where the level change is greater than one inch;

 12. The barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the Standards.

 13. Unless the Defendant takes remedial action, the Plaintiff will continue to encounter the architectural barriers described herein, and, as a result, be discriminated against by the Defendant on the basis of her disabilities.

 14. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. she is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. §12205.

 15. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief, including an Order to remove architectural barriers and bring the facility into compliance with the ADA Standards.

**COUNT TWO – FAILURE TO MODIFY POLICIES, PRACTICES AND PROCEDURES WHICH DENY EQUAL BENEFITS.  [42 U.S.C. § 12182(b)(2)(A)(ii)]**

 16. Plaintiff incorporates by reference and realleges all the paragraphs above.

 17. By its clear text, Title III requires a public accommodation to provide individuals with disabilities *more than simple physical access*. Removal of architectural barriers as described in Count One is only one component of compliance with the Statute. Thus, a place of public accommodation must not have and must modify any policy or practice which effectively, or directly denies access to goods or services to individuals with disabilities and prevents them from realizing the full and equal enjoyment of goods and services offered. 42 U.S.C. §

12182(b)(2)(A)(ii).

18.     The Defendant has failed to make modifications in its policies, practices, and procedures as follows:

   A.    The Defendant has demonstrated that it has a policy of non-compliance with the ADA new construction Standards by its failure to design and construct the facility in compliance with the applicable Standards, which became effective January 1993;

   B.    The presence of architectural barriers identified in Count One demonstrates that the Defendant either has no policies or has failed to create, adopt, and/or implement policies and procedures for the continual removal of architectural barriers where readily achievable;

19.     To date, the Defendant's discriminating policies, practices, and/or procedures have not been modified to afford goods, services, facilities, privileges, advantages, or other accommodations to individuals with disabilities.

20.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. § 12205.

21.     Pursuant to 42 U.S.C. § 12188 this Court is authorized to enjoin the Defendant from engaging in these discriminatory policies, practices, and procedures.

22.     Therefore, the Plaintiff hereby demands that the Defendant both create and adopt a corporate practice and policy that the Defendant (a) will fully comply with the ADA design and alteration Standards so that architectural barriers identified in Count One are permanently removed from the Defendant's establishment; and (b) the Defendant will implement policies and procedures which provide individuals with disabilities, including those with mobility

impairments, full and equal enjoyment and use of all goods and services.

## COUNT THREE – DENIAL OF FULL AND EQUAL ENJOYMENT

23. Plaintiff realleges and incorporates, herein, all the paragraphs above.

24. *Discrimination on the basis of disability is a denial of the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" and is prohibited. 42 U.S.C. 12182(a). Further, t*he ADA specifically makes it unlawful to provide individuals with disabilities with an "unequal benefit," and to relegate individuals with disabilities to a "different or separate" benefit. 42 U.S.C. §§ 12182(b)(1)(A))(ii)-(iii); 28 C.F.R. § 36.202(b)-(c).

25. For that reason, the Act applies not only to barriers to physical access to places of public accommodation, but also to any policy, practice, or procedure which operates to deprive or diminish individuals with disabilities *full and equal enjoyment* of the privileges and *services* offered by the public accommodation. 42 U.S.C. 12182.

26. The Plaintiff was denied full and equal access to the shopping center and all its stores due to the Defendant's denial of equal services and benefits. As compared to individuals without disabilities, the Plaintiff experienced unequal treatment and inferior accommodations at the Defendants' facility as follows:

    **A.** The inaccessible features of the Defendants parking lot deny the Plaintiff the equal use of parking spaces with access aisles which prohibit her ability to enter or exit her vehicle and safely transfer to or from a mobility device;

    **B.** The inaccessible path of travel from the parking lot to the store entrances makes it difficult or impossible for the Plaintiff to traverse the elevated areas which results in unequal access and discriminatory treatment of the Plaintiff and others similarly situated.

    **C.** Without curb ramps or curb cuts, a person using a wheelchair or similar

mobility device cannot access the sidewalk where the store entrances are located. Therefore, a person with a mobility impairment is excluded from all the stores located therein.

27. The Defendant's continued failure to maintain ADA accessibility as an integral part of the facility and shopping experience has segregated or otherwise treated the Plaintiff and others similarly situated differently, in that, the lack of accessible features and policies caused the Plaintiff to be dependent on others to attempt access and caused her to be deterred from returning to this facility for fear of experiencing the same kind of discriminatory barriers and treatment.

28. The Defendant's conduct and unequal treatment of the Plaintiff constitute continuous discrimination in violation of the ADA; 28 C.F.R.§ 36.211(a).

29. Absent a Court ordered injunction, the Defendant will continue to deny the Plaintiff equal access to the goods and services offered at the facility.

30. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. § 12205.

31. Pursuant to 42 U.S.C. § 12188, this Court is authorized to enjoin the Defendant from engaging in these continuous discriminatory practices which have resulted in denial of equal access by the Plaintiff.

**COUNT FOUR - FAILURE TO DESIGN AND CONSTRUCT THE FACILITY IN COMPLIANCE WITH ADA STANDARDS [42 U.S.C. § 12183(a)(1)]**

32. Plaintiff incorporates by reference and realleges all the paragraphs above.

33. The ADA requires that all newly constructed facilities be designed and constructed

according to architectural standards set by the Attorney General. 42 U.S.C. §§ 12183(a), 12186(b). Those Standards are incorporated into the Department of Justice's regulation implementing title III of the ADA, 28 C.F.R. Part 36, Appendix A. The Standards set architectural requirements for places of public accommodation which were constructed after January 1993. Thus, the Defendant violated the statute by failing to design and construct the shopping center in accordance with the applicable Standards. (see paragraph 12 above).

34. The Defendant further violated the Standards by failing to make readily achievable modifications after construction or remediate the facility in compliance with the Standards after its construction.

35. To date, architectural barriers remain at the facility due to construction and barrier removal violations.

36. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. § 12205

37. Pursuant to 42 U.S.C. § 12188 this Court is authorized to issue an injunction against the Defendant by ordering the facility brought into compliance with the Standards.

**WHEREFORE**, premises considered, the Plaintiff, demands judgment against the Defendant on Counts One through Four and request the following injunctive and declaratory relief:

1. That the Court declare that the Defendant as well as all the Defendant's illegal actions violate the ADA, as more particularly described above;
2. That the Court enter an order requiring the Defendant to alter the facility to make it accessible to and usable by individuals with disabilities to the full extent required by the ADA as stated in Count One;

3. That the Court enter an order directing the Defendant to modify its policies, practices, and procedures in order to provide equal access to individuals with disabilities consistent with the ADA as stated in Count Two;

4. That the Court enter an order directing the Defendant to provide full and equal access to the use of the shopping center and all its components, and maintain the required accessible features at the establishment so that the Plaintiff, and other individuals with disabilities, enjoy the same experience offered to individuals without disabilities, as stated in Count Three;

5. That the Court enter an order directing the Defendant to remediate the shopping center to the proper level of accessibility required for the design and construction of the facility as outlined in Count Four;

6. That the Court award reasonable attorney's fees, costs, (including expert fees) and other expenses of suit, to the Plaintiff; and

7. That the Court award such other, further, and different relief as it deems necessary, just, and proper.

Date: April 10, 2019

Respectfully submitted,

*Pshon Barrett*
PSHON BARRETT, ESQ.
MS Bar No. 2071
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
Pshon.Barrett@ADA-Firm.com
*Attorney for the Plaintiff*

/s/ Bradley D. McAdory
_____
BRADLEY D. MCADORY
BPR # MS-10545
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
BDM@ADA-Firm.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed with the Clerk of Court the aforementioned Complaint for service of process by USPS mail or electronic mail, postage prepaid and properly addressed this 10th day of April 2019 to the following:

**HAYDEL PROPERTIES, LP**
Attn: Registered Agent
2045 East Pass Road
Gulfport, Mississippi 39507

*/s/ Pshon Barrett*
PSHON BARRETT, ESQ.
MS Bar No. 2071
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
Pshon.Barrett@ADA-Firm.com
*Attorney for the Plaintiff*